**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005087
28-MAR-2014
10:52 AM**

NO. CAAP-13-0005087

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HSBC BANK USA NATIONAL ASSOCIATION,
as Trustee for WFMBS 2007-AR6, Plaintiff-Appellee,
v.
KEVIN COLLMAN, Defendant-Appellant,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-198K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we do not

have appellate jurisdiction over this appeal that Defendant-

Appellant Kevin Collman (Appellant Collman) has asserted from the

Honorable Melvin H. Fujino's October 4, 2013 "Order Denying

Defendant's First Amended Motion to Vacate Void Judgment, Filed

on August 14, 2013" (the October 4, 2013 post-judgment order)

because Appellant Collman's November 5, 2013 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) as to the October 4, 2013 post-judgment order.

The October 4, 2013 post-judgment order is an appealable post-judgment order pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013). See Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003) ("An order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." (Citation omitted)). However, "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). In violation of HRAP Rule 4(a)(1), Appellant Collman did not file his November 5, 2013 notice of appeal within thirty days after entry of the October 4, 2013 post-judgment order. Therefore, Appellant Collman's November 5, 2013 notice of appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, we lack appellate jurisdiction over this case.

Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0005087 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 28, 2014.

Presiding Judge

Associate Judge

Associate Judge

-3-